UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAFAYETTE WALKER,

                                Plaintiff,

-vs-                                               Case No.  6:07-cv-651-Orl-19DAB

CITY OF ORLANDO, a municipal
corporation, and EDWARD
MICHAEL, STANLEY KLEM and
NATHAN FARRIS, in their individual
capacity,

                                Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.      Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, filed by Defendant Nathan Farris on April 24, 2007; (Doc. No. 5);

2.      Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, filed by Defendant Stanley Klem on April 24, 2007; (Doc. No. 6);

3.      Plaintiff's Memorandum of Law in Response to Defendant, Nathan Farris', Motion to Dismiss Plaintiff's Complaint, filed by Plaintiff Lafayette Walker on May 2, 2007; (Doc. No. 19);

4.      Plaintiff's Memorandum of Law in Response to Defendant, Stanley Klem's, Motion to Dismiss Plaintiff's Complaint, filed by Plaintiff Lafayette Walker on May 2, 2007; (Doc. No. 20);

5.      Motion to Strike Plaintiff's Memorandum of Law in Response to His Motion to Dismiss, filed by Defendant Nathan Farris on May 14, 2007; (Doc. No. 22); and

6.      Motion to Strike Plaintiff's Memorandum of Law in Response to His Motion to Dismiss, filed by Defendant Stanley Klem on May 14, 2007. (Doc. No. 23).

## Background

The instant federal question lawsuit was removed to federal court on April 23, 2007. (Doc. No. 1). In the Complaint, Plaintiff Lafayette Walker asserts various tort claims against the City of Orlando and Officers Edward Michael, Stanley Klem, and Nathan Farris resulting from an encounter between Plaintiff and Orlando police officers where Defendant Michael allegedly used excessive and unjustified force on Plaintiff. (*See generally* Doc. No. 2, filed on April 23, 2007). Defendants Farris and Klem move to dismiss various counts of the Complaint as applied to them. (*See generally* Doc. Nos. 5 & 6).

The following allegations are taken from Plaintiff's Complaint. (Doc. No. 2). Plaintiff is a 50 year old African-American male. (*Id*. at ¶ 2). On May 18, 2003, Plaintiff was a guest at the Orlando, Florida home of Mr. and Mrs. Wardell Harp when Mr. Harp witnessed a group of men discharging a firearm into the sky and subsequently called 911. (*Id*. at ¶¶ 2-3). Mr. Harp described the perpetrators as young black men traveling in a blue car and stated that one of the men was wearing blue jeans and no shirt. (*Id*. at ¶ 5).

Defendant Farris and Officer Andre Tankovich were the first to arrive on the scene, and Defendant Klem and Defendant Michael soon followed. (*Id*. at ¶¶ 8-9; 34-36). As the

officers arrived, gunshots were still audible from where Defendant Michael was standing. (*Id*. at ¶ 9).  Plaintiff further alleges that when Officer Michael arrived, someone called out "one standing," which purportedly is a code to notify others that police officers are in the area.  (*Id*. at ¶ 9).  After the "one standing" call, the shooting ceased, and the blue car drove past Officer Michael who did not stop the vehicle as it passed him.  (*Id*. at ¶ 10).

After the blue car drove away, Defendants Michael and Farris approached Plaintiff and the Harps, who were standing in the front yard of the Harps' home.  (*Id*. at ¶ 12).  Plaintiff alleges that because the firing had stopped, and because he was a middle-aged man with his shirt on standing in a well-lit area, without a weapon, the officers knew or should have known that he was not a danger.  (*Id*. at ¶¶ 11-13).  Plaintiff also alleges that as the officers were approaching the front yard, the officers were told that the Harps were the individuals who had called the police about the disturbance.  (*Id*. at ¶ 13).  Because of this, Plaintiff alleges that Defendant Michael had no reasonable basis to believe that Plaintiff was a threat to his authority, about to commit a crime, or about to flee.  (*Id.*)

The Complaint avers that despite these facts, Defendant Michael pointed his rifle and shined the spotlight on his rifle at Plaintiff, ordering him to lie on his stomach.  (*Id*. at ¶ 14).  When the Plaintiff did not immediately comply, Defendant Michael then allegedly beat Plaintiff with his rifle on his head, neck, back, and arm, arrested him, placed him in restraints, and incarcerated him in the back of a police cruiser.  (*Id*. at ¶ 15, 20).  Defendant Farris witnessed these events and subsequently asked Plaintiff if he was injured, to which Plaintiff replied that Officer Michael had injured him.  (*Id*. at ¶ 16).   Plaintiff asked for Defendant Michael's badge number, to which Defendant Michael purportedly replied that

Plaintiff could read it on his arrest report.  (*Id*. at ¶ 19).

After Plaintiff was placed in the police cruiser, Defendant Michael and Defendant Klem discussed the issue of Plaintiff's confinement.  (*Id*. at ¶ 21).  Subsequent to this discussion, Defendant Michael took Plaintiff out of the vehicle and purportedly told Plaintiff that if he was hurt he would be taken to the hospital, but he would be taken to jail from the hospital on the charge of resisting a police officer.  (*Id*. at ¶ 22).  Plaintiff replied that he was not hurt, and Defendant Michael released him, filing no charges against Plaintiff.  (*Id*. at ¶¶ 23-24).

As the instant motions to dismiss deal solely with the claims asserted against Defendants Farris and Klem, the Court will omit discussion of the remaining factual allegations of the Complaint.

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  *Fed. R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## Analysis

Plaintiff asserts the following claims against Defendants Farris and Klem: (a) failure to supervise/failure to assist against Defendant Klem (Count III); and (b) failure to assist/failure to protect the Plaintiff's constitutional rights against Defendant Farris (Count IV). The Court will address each of these claims in turn.

### A.  Defendant Klem

Plaintiff has adequately stated a claim for relief with respect to the claim he asserts against Defendant Klem in Count III of the Complaint.  While supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability,[1] "[s]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks omitted).

The United States Court of Appeals for the Eleventh Circuit has explained that the required "causal connection" can be established in several ways.  First, the requisite causal connection can be established when the Plaintiff establishes that a history of widespread abuse put the responsible supervisor on notice of the need to correct the alleged deprivation, and he failed to do so.  *Id.*  The deprivations that constitute "widespread abuse" sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Brown v. Crawford*, 906 F.2d 667, 671 (11th

---

[1]      *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (citation omitted).

Cir.1990) (citations omitted).  In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper "custom or policy ... result[s] in deliberate indifference to constitutional rights." *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986)).  A causal connection may also be shown where a plaintiff can demonstrate a supervisor directed his subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop the unlawful activity. *E.g., Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1561 (11th Cir. 1993).

In the case at bar, Plaintiff alleges that Defendant Klem was a supervisor to Defendant Michael.  (Doc. No. 2, ¶ 34).  The Complaint further avers facts sufficient to create a reasonable inference that Defendant was "on the scene" throughout the entire altercation.  (*Id*. at ¶¶ 35-36).  Finally, Plaintiff alleges that Defendant Klem knew or should have known that Defendant Michael was not acting lawfully when he used force against Plaintiff and despite this failed to protect Plaintiff's constitutional rights.  (*E.g., id.,* at ¶¶ 37-38, 43, 46, 49, 51).

 Thus, construing these allegations as true, and accepting all reasonable inferences drawn from such allegations, Defendant Klem knew Defendant Michael was using excessive force on Plaintiff, physically restraining Plaintiff without probable cause, and failed to stop the allegedly unlawful activity.  For these reasons, the Defendant Klem's Motion to Dismiss is denied.

### B.  Defendant Farris

The Motion to Dismiss submitted by Defendant Farris regarding Plaintiff's failure

to intervene claim must also be denied.  Defendant argues that Plaintiff has failed to allege that Defendant Farris was in a position to intervene when Defendant Michael used excessive force against Plaintiff.

The law is well-settled that  "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper,* 142 F.3d 1402, 1407 (11th Cir. 1998) (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986).  However, the law generally does not require an officer to abandon his attempt to arrest one attacker in order to protect another attacker against whom other officers may be using excessive force; in that situation, an officer has discretion to decide whether the situation deserves immediate attention.  *Ensley*, 142 F.3d at 1407; *see also Riley v. Newton*, 94 F.3d 632, 635 (11th Cir. 1996) (holding that an officer who was engaged in arresting a suspect, and who did not observe his fellow officer's use of excessive force on a second suspect, did not have a duty to intervene).

In addition, an officer must be "in a position to intervene" in order for the officer to be held liable for failing to stop police brutality.  *Ensley*, 142 F.3d at 1407; *see also Thompson v. Boggs*, 33 F.3d 847, 857 (7th Cir.1994).  The Eleventh Circuit has suggested that at the very least the Plaintiff must demonstrate the officer "had an opportunity to observe or halt any excessive force" directed at the Plaintiff.  *Ensley*, 142 F.3d at 1407-08; *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 925 (11th Cir. 2000) (entry of judgment as a matter of law in favor of officer was reversible error where facts construed most favorably to Plaintiff demonstrated officer stood on top of a canal on the scene and watched

the entire two-minute altercation and was in voice contact with the other officer).

In the instant case, taking the facts alleged as true and construing all inferences in favor of Plaintiff, Defendant Farris walked up to the Harps' front yard with Defendant Michael and observed the entire altercation between Plaintiff and Officer Michael.  (Doc. No. 2, ¶¶ 12, 16).  He did not have to subdue another individual, as the Complaint avers the Officers knew or should have known the Harps called 911, did not meet the description of the assailants, and were not a threat to officer safety.  (*Id*. at ¶¶ 11, 13).  Under these facts, Defendant Farris was in close proximity to the Plaintiff and observed the use of excessive force on Plaintiff with no impediments to intervention.  Thus, Defendant Farris was "in a position to intervene" in the alleged use of excessive force under Eleventh Circuit case law. For these reasons, the Defendant Farris' Motion to Dismiss is denied.

### C.  Punitive Damages

Both Defendants also move to strike Plaintiff's "claim" for punitive damages. Federal pleading rules, unlike those adopted by the state of Florida, allow plaintiffs to plead punitive damages in the initial complaint, before taking any discovery.  *See Cohen v. Office Depot*, 184 F.3d 1292, 1295-99 (11th Cir. 1999) (vacated on other grounds, 204 F.3d 1069 (11th Cir. 2000); *Rolle v. Brevard County*, No. 6:06-cv-714-Orl-19JGG, 2007 WL 328682, at *13 (M.D. Fla. Jan. 31, 2007).  A request for punitive damages is not a "claim" within the meaning of Federal Rule of Civil Procedure 8(a)(2); it is only part of the relief demanded in a claim.  *Cohen*, 184 F.3d at 1297.  Defendants acknowledge that punitive damages may be awarded against a law enforcement officer under certain circumstances.  (*E.g.,* Doc. No. 5, p. 5).

-8-

As the underlying claims in the instant suit are not subject to dismissal, Plaintiff's requested remedy of punitive damages is also not subject to dismissal at this time.  Plaintiff is only required to include at the time of the Complaint a clear, concise demand for judgment for the requested relief, and heightened pleading requirements are not required to assert a request for punitive damages.[2] The remainder of Defendants' arguments as to why punitive damages are not warranted are more appropriately addressed at a later stage of the litigation. Future discovery may show the appropriateness, if any, of the requested damages sought by Plaintiff.  For these reasons, the Court will deny the Motion to Dismiss Plaintiff's demand for punitive damages, without prejudice to reassert, if appropriate, on motion for summary judgment.

### D.  Motions to Strike

Defendants also move to strike Plaintiff's responses to their respective Motions to Dismiss, arguing that the responses attempt to introduce new allegations not contained in the Complaint.  Such motions are denied as moot, as the Court has limited its consideration to the allegations of the complaint and any written instruments attached as exhibits as required by Federal Rule of Civil Procedure 10(c).  *See GSW*, 999 F.2d at 1510.

### Conclusion

Based on the foregoing, the Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, filed by Defendant Nathan Farris on April 24, 2007, (Doc. No. 5), and the Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, filed by Defendant Stanley Klem on April 24, 2007, (Doc. No. 6), are

---

[2]     *See, e.g.,* Fed. R. Civ. P. 8(a)(3); *Cohen*, 184 F.3d at 1299.

**DENIED**.  The Motion to Strike Plaintiff's Memorandum of Law in Response to His Motion to Dismiss, filed by Defendant Nathan Farris on May 14, 2007, (Doc. No. 22), and the Motion to Strike Plaintiff's Memorandum of Law in Response to His Motion to Dismiss, filed by Defendant Stanley Klem on May 14, 2007, (Doc. No. 23), are **DENIED as moot**.

**DONE and ORDERED** in Chambers in Orlando, Florida this 26th day of June, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record