**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAFAYETTE WALKER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-651-Orl-19DAB**

**CITY OF ORLANDO, EDWARD MICHAEL, STANLEY KLEM, NATHAN FARRIS,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument[1] on the following motion filed herein:

> **MOTION:** **MOTION OF DEFENDANT, CITY OF ORLANDO, TO COMPEL PRODUCTION OF MENTAL HEALTH, DRUG AND/OR ALCOHOL TREATMENT, AND MEDICAL RECORDS FROM THE CENTER FOR DRUG FREE LIVING (Doc. No. 33)**
>
> **FILED:** October 17, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff is suing Defendants for civil rights and state claims arising from his arrest[2] on May 18, 2003, in which he alleges the Defendant Officer Edward Michael used excessive force on him. Doc. No. 2. He also alleges that Defendant City of Orlando failed to properly train the officers and had a custom or policy allowing the use of excessive force. Doc. No. 2. Plaintiff seeks damages for bodily injuries, pain, suffering, and mental anguish arising from the incident. Doc. No. 2.

---

[1] Oral argument was held on November 5, 2007.

[2] No charges were filed against Plaintiff. Doc. No. 2 ¶ 24.

Following a November 5, 2007 hearing on the matter, Defendants filed a sealed document[3] attaching a letter from the Center for Drug Free Living stating the Center has treatment records for Plaintiff Lafayette Walker's treatment in June 2005.

Plaintiff's claims for damages for "mental anguish," as pled in the Complaint, have placed his mental health in issue. Therefore, Defendant is entitled to discover, within reason, the state of Plaintiff's mental health, and the nature of the other stressors relating to his health during June 2005, which was about two years after the incident alleged.

"Courts considering the issue have generally found that the identities of health providers, the dates of treatment, and the nature of the treatment are relevant to claims for emotional distress damages." *See Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 471 (N.D. Tex. 2005) (citing representative cases); *see also Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1476 (11th Cir. 1984) (in complaint seeking damages for future mental anguish, plaintiff's history of alcohol and drug use was relevant to his quality of life). To the extent Plaintiff has privacy concerns regarding releasing this information, such can be resolved by a confidentiality stipulation between the parties. Defendant's use of the information will be limited to this case.

**DONE** and **ORDERED** in Orlando, Florida on November 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] Doc. No. S-1.